**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 07-80286-CIV-RYSKAMP/VITUNAC

PERFECT WEB TECHNOLOGIES, INC.,

Plaintiff,

v.

INFOUSA, INC.,

Defendant.
_____________________________________/

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND DENYING DEFENDANT'S MOTION TO TRANSFER BASED ON IMPROPER VENUE**

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss the Complaint for Lack of Personal Jurisdiction and Motion to Transfer Based on Improper Venue, filed May 30, 2007 **[DE 10]**. Plaintiff responded on June 16, 2007 **[DE 15]**. Defendant replied on June 28, 2007 **[DE 19]**. Plaintiff requested permission to file a surreply on July 3, 2007 **[DE 25]**. Defendant filed an opposition to the motion to file a surreply on July 6, 2007 **[DE 28]**. Plaintiff replied on July 10, 2007 **[DE 29]**. These motions are ripe for adjudication.

## I. BACKGROUND

Plaintiff filed suit against Defendant for willful patent infringement of United States Patent No. 6,631,400 ("the ‘400 patent") entitled "Method for Managing Bulk E-Mail

Distribution." The patent teaches, among other things, a novel method and system of distributing targeted e-mail to groups of recipients. The e-mailing mechanism includes the calculation of how many recipients received e-mail. Plaintiff is a small technology company incorporated under the laws of Florida. Defendant is a Delaware incorporated, Nebraska based direct marketing company claiming only negligible business contacts and no e-mail marketing operations within the state of Florida.

Defendant argues that this action should be dismissed for lack of personal jurisdiction and improper venue because none of the alleged acts of infringement occurred in Florida and because its contacts with Florida are insufficient to confer personal jurisdiction.

## II. LEGAL STANDARD

The determination of whether a court has personal jurisdiction over a nonresident defendant involves a two-part analysis. See Cable/Home Communication Corp. v. Network Productions, Inc., 902 F.2d 829, 855 (11th Cir. 1990). First, the court must determine whether the requirements of the applicable state statute governing personal jurisdiction are satisfied. See Miami Breakers Soccer Club v. Women's United Soccer Association, 140 F.Supp.2d 1325, 1327 (S.D. Fla. 2001). Second, the court must determine whether its exercise of personal jurisdiction meets the requirements of the due process clause of the Fourteenth Amendment. See id. (citing Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000)). A federal court applying Florida's long-arm statute must do so as would the Florida Supreme Court.

See id. at 1328 (citing Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V., 701 F.2d 889, 890 (11th Cir. 1983)).

"A plaintiff seeking to subject a nonresident defendant to jurisdiction of the court through the long-arm statute must do more than allege facts to show a *possibility* of jurisdiction." Id. (emphasis added) (quoting Jet Charter Service, Inc. v. Koeck, 907 F.2d 1110, 1112 (11th Cir. 1983)). A plaintiff alleging personal jurisdiction must plead facts in the complaint that support the existence of personal jurisdiction over the defendant. See id. (citing Future Tech, 218 F.3d at 1249). If a complaint pleads such facts, the burden shifts to the defendant to present "affidavits, testimony or other documents to challenge the plaintiff's jurisdictional allegations." Id. A successful challenge on the defendant's part shifts the burden back to the plaintiff to provide similar information in support of the jurisdictional allegations. See id. When a plaintiff must present extraneous information to buttress the complaint's allegations of jurisdiction, the plaintiff bears a heavy burden of proving the existence of jurisdiction: "once a defendant has relied on affidavits, documents, or testimony to challenge the jurisdiction of the court, 'the burden is on the plaintiff to *prove* jurisdiction by affidavits, testimony or documents." Voorhees v. Cilcorp, Inc., 837 F.Supp. 395, 398 (M.D. Fla. 1993) (emphasis added) (citing Jet Charter, 907 F.2d at 1111)).

## III. DISCUSSION

Under the Florida long arm statute, Fla. Stat. section 48.193(2), jurisdiction is proper when a defendant "is engaged in substantial and not isolated activities within this state, whether such activity is wholly interstate, intrastate, or otherwise..." This language means that the

defendant must maintain "continuous and systematic general business contacts" in Florida. Northwestern Aircraft Capital Corp. v. Steward, 842 So.2d 190, 195 (Fla. 5th DCA 2003) (citing Woods v. Nova Cos. Belize Ltd., 739 So.2d 617 (Fla. 4th DCA 1999)). Here, the declaration of Defendant's Executive Vice President, Fred Vakili, admits that Defendant has "solicited sales in Florida" resulting in approximately $6.5 million in annual revenues. (DE 10, Ex. A.) The declaration further admits that Defendant has entered into contracts in Florida, including leasing office space "for use by sales personnel soliciting such sales." Defendant also maintains three separate branch stores throughout Florida, including one in Miami, to provide small-business customers on-site training, as well as to market new products and services to its Florida customers. Defendant also regularly attends trade shows in Florida to demonstrate its latest products. Defendant attended at least four within the past year alone including one recent show in Miami Beach. (Second DiStefano Declaration, paragraph 15.) In 2004, Defendant organized and held a full day event for its "SalesGenie" product at the Tampa Convention Center. Such activity supports a finding of general personal jurisdiction. See Benedict v. GMC, 142 F. Supp. 2d 1330, 1336 (N.D. Fla. 2001) (maintaining office in Florida is type of business activity over which section 48.193(2) creates jurisdiction; attending trade shows in Florida also supports a finding of general jurisdiction).

General jurisdiction over a parent corporation may also be based upon its subsidiary's continuous and systematic business within Florida if the parent corporation exerts a high level of control over the subsidiary. See Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1272 (11th Cir. 2002) (when "separate corporate status is formal only and without any semblance of individual identity, the subsidiary's business will be viewed as part of the parent and the latter will be said to

be doing business in the jurisdiction through the subsidiary for purposes of asserting personal jurisdiction")(quotation omitted).

Here, the combination of several factors suggests that Defendant's five wholly-owned subsidiaries licensed to conduct business in Florida are indeed "mere instrumentalities" of the Defendant. The publicly available information regarding Defendant shows that each subsidiary lists officers/directors who are likewise also officers/directors of Defendant, the subsidiaries' web and marketing materials denote only Defendant's trademark and corporate contact information, the business of each subsidiary is in furtherance of Defendant's overall business operations, and none of the subsidiaries maintain "any semblance of individual identity" apart from Defendant. See generally Exhs. A, C. Defendant conducts continuous and systematic business in Florida, both directly and through its various wholly-owned subsidiaries licensed to conduct business here. Accordingly, Defendant is subject to general personal jurisdiction in this state.

Plaintiff has also made a case as to specific jurisdiction. Specific personal jurisdiction is implicated when the cause of action arises out of or relates to the defendant's contacts with the forum state. See Metron Communications, Inc. v. M/V Tropicana, 1992 WL 532637, at*7 (S.D. Fla. Mar. 6, 1992). Here, because the claim is for patent infringement, Plaintiff must make a prima facie showing that Defendant infringed the patent in the Southern District of Florida. Plaintiff maintains that because patent infringement constitutes a tortious act, the Court can maintain specific jurisdiction over Defendant under Fla. Stat. section 48.193(1)(b). See Response Reward Sys. v. Meijer, Inc., 189 F. Supp. 2d 1332, 1337 (M.D. Fla. 2002) (construing "facts in light most favorable to plaintiff," non-resident's posting of allegedly infringing coupon

on its website, maintained outside of Florida, could serve as basis for specific jurisdiction under Fla. Stat. section 48.193(1)(b)).

Defendant contends that even if it does commit the tort of patent infringement, such acts are unrelated to its Florida operations. This argument is simply an inaccurate characterization of the facts. Defendant employs a senior account executive based in Clearwater who coordinates its bulk e-mail services to Florida customers. (Second Monteleone Declaration, Paragraphs 2-9.) Furthermore, Plaintiff's July 3, 2007 Motion to File Surreply indicates that Defendant's Rule 26 disclosures admit that three of its own material witnesses are located within Florida, two of which are located in nearby Weston. Significantly, these two individuals work in Defendant's Weston office and will testify as to Defendant's "former and current processes related to e-mail services." (Ex. A, Plaintiff's Motion to File Surreply.) Additionally, the disclosures reveal that a senior vice president of a wholly-owned subsidiary is located in Titusville, and that this individual has knowledge about "former and current processes related to e-mail services" and will testify as to Defendant's "specific technology used to provide e-mail services."

Whereas sufficient information exists to demonstrate personal jurisdiction over Defendant, the next inquiry is whether maintaining a suit in Florida satisfies the due process clause of the Fourteenth Amendment. See Cable/Home, 902 F.2d at 855. Defendant operates three branch offices in Florida, operates five wholly-owned subsidiaries in Florida, and generates approximately $6.5 million in Florida originated sales. Accordingly, maintaining a suit would not violate "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. State of Washington, 36 U.S. 310, 316 (1945). Defendant has also commenced five civil lawsuits in this State, thereby "purposefully availing" itself of the benefits and protections of Florida law. Burger

King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). Exercising jurisdiction over Defendant does not offend traditional notions of fair play and substantial justice.

Whereas the Court may exercise personal jurisdiction over Defendant, it is now necessary to establish whether this district is the appropriate venue for this action. The special venue statute governing patent infringement actions provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A plaintiff's choice of forum is typically entitled to "considerable deference." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947); In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir.1989)). When dealing, as here, with a domestic corporation operating within Florida, the plaintiff's choice is entitled to "a strong presumption that their forum is sufficiently convenient" and courts owe a higher level of deference to the choice. Leon v. Million Air, Inc., 251 F.3d 1305, 1311 (11th Cir. 2001)(quotation omitted). Courts consider several factors in considering transfer, "including (1) convenience of the parties, (2) convenience of witnesses, (3) the relative ease of access to sources proof, (4) the availability of process to compel the presence of unwilling witnesses, (5) costs of obtaining the presence of witnesses, and (6) the public interest." Garay v. BRK Electronics, 755 F. Supp. 1010, 1011 (M.D. Fla. 1991) (holding that "the moving party has the burden of proof, and must make a convincing showing of the right of transfer"). See also Stateline Power Corp. v. Kremer, 404 F. Supp. 2d 1373, 1380 (S.D. Fla. 2005)(stating the six factors).

The defendant's naked argument of inconvenience is insufficient to warrant transfer because courts acknowledge the mere fact that "one party or another will be inconvenienced

depending on the ultimate forum where [a] cause is litigated." Allied Specialty Ins. v. Ohio Water Parks, Inc., 699 F. Supp. 878, 882 (M.D. Fla. 1988). Defendant has merely stated that trying this case in Florida would inconvenience witnesses it intends to call. Such is insufficient to warrant transfer. Furthermore, as previously noted, several of Defendant's key employees live and work in Florida. The Court therefore declines to transfer this action to the District of Nebraska on the grounds that maintaining it here would inconvenience Defendant.

Defendant also maintains that its corporate records that relate to the infringement claim are located in Omaha, Nebraska. The location of documents outside of the chosen forum does not provide overwhelming support for transfer, however. See Coker v. Bank of Am., 984 F. Supp. 757, 766 (S.D.N.Y. 1997) (copy machines, fax machines and FedEx render location of documents a non-factor).

Defendant argues that transfer best serves the public interest because the Southern District of Florida if one of the busier district in the country. While the public interest is served by the easy, expeditious and inexpensive resolution of federal suits, the Court is willing and capable of accommodating Plaintiff's desire to bring this action to a speedy resolution and calendar this matter for trial on an expedited schedule.

## IV. CONCLUSION

THE COURT, being fully advised in having considered the pertinent portions of the record, hereby

ORDERS AND ADJUDGES that the Motion to Dismiss the Complaint for Lack of Personal Jurisdiction and Motion to Transfer Based on Improper Venue, filed May 30, 2007 **[DE 10]**, is DENIED. It is further

ORDERED AND ADJUDGED that Plaintiff's Motion for Limited Jurisdictional Discovery, filed June 5, 2007 **[DE 12]**, is DENIED as MOOT. It is further

ORDERED AND ADJUDGED that Plaintiff's Motion for Hearing, filed June 18, 2007 **[DE 16]**, is DENIED. It is further

ORDERED AND ADJUDGED that Plaintiff's Motion for Leave to File a Surreply, filed on July 3, 2007 **[DE 25]**, is GRANTED.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 19th day of September, 2007.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE