UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-80286-CIV-RYSKAMP/VITUNAC

PERFECT WEB TECHNOLOGIES, INC.,

    Plaintiff,

v.

INFOUSA, INC.,

    Defendant.
_____/

## ORDER DENYING MOTION FOR SANCTIONS

THIS CAUSE comes before the Court pursuant to Plaintiff Perfect Web Technologies, Inc.'s ("Plaintiff") Motion for Sanctions, filed October 10, 2007 **[DE 33]**. Defendant infoUSA, Inc. ("Defendant") responded on October 29, 2007 **[DE 42]**. Plaintiff replied on November 7, 2007 **[DE 47]**. This motion is ripe for adjudication.

Plaintiff filed this patent infringement lawsuit against Defendant on March 3, 2007. Defendant moved to dismiss the complaint or, in the alternative, to transfer this action to the District of Nebraska. Defendant's Rule 26 disclosures listed its Chief Administrative Officer, Fred Vakili ("Vakili"), as a potential witness and stated that he had knowledge regarding "verification of former and current processes relating to e-mail services [and knowledge about] prior art within the industry relating to [Plaintiff's] patent." The Court denied the motion to dismiss or to transfer on September 20, 2007. On September 24, 2007 Plaintiff e-mailed Defendant to coordinate Vakili's deposition. Defendant responded in a letter dated September 25, 2007, stating that Vakili "does not have any detailed or specific knowledge regarding how [Defendant's] e-mail systems operate [or] how [Defendant] conducts its bulk e-mailing services."

Plaintiff maintains that Defendant has misrepresented the nature of Vakili's knowledge and that such "reveals that [Defendant's] motion to dismiss/transfer was brought in bad faith, based on material misrepresentations made to this Court." (Motion, 1-2.) Plaintiff maintains that such constitutes bad faith and that Defendant should be required to pay its reasonable attorneys fees incurred in all briefing related to the motion to dismiss or to transfer.

The Court's inherent power to award sanctions should be exercised "with restraint and discretion." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). "The key to unlocking a court's inherent power is a finding of bad faith." Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998); see also In re Mroz, 65 F.3d 1567, 1575 (11th Cir. 1995) ("Invocation of a Court's inherent power requires a finding of bad faith."). Bad faith is present "if a court finds 'that fraud has been practiced upon it, or that the very temple of justice has been defiled,'" or if "a party 'shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order.'" Chambers, 501 U.S. at 46 (quoting Universal Oil Prods. Co. v. Root Refining Co., 328 U.S. 575, 580 (1946) and Hutto v. Finney, 437 U.S. 678, 689 n.14 (1970)). Examples of bad faith include repeated filing of a complaint containing claims counsel knew or should have known were time-barred, repeated failure to serve defendant with process and subsequent filing of motion for default with knowledge that service had not been perfected, repeated filing of a complaint failing to comply with local rules, and repeated filing of a complaint containing claims lacking evidentiary support. See Barnes, 158 F.3d at 1214.

The Court believes that it would be instructive to quote a longer excerpt from the letter in which Defendant explained to Plaintiff the nature of Vakili's knowledge. The letter provides in pertinent part:

3

> Given the limited amount of deposition time available under Fed. R. Civ. P. 30(a)(2)(a), I thought it appropriate to put you on notice that I have been informed that Mr. Vakili has mainly administrative responsibilities within [Defendant] and does not have detailed or specific knowledge regarding how [Defendant's] e-mail systems operate, how [Defendant] conducts its bulk e-mailing services, or the revenues and costs associated with those services. It is therefore unlikely that you will find his testimony germane either to the merits of your client's claims against [Defendant] or to damages.
>
> * * * *
>
> After having an opportunity to review documents produced in the matter and after considering which subsidiaries will participate in the case, you may well conclude that there are other witnesses to whom he would prefer to devote your limited deposition time.
>
> Under the circumstances, it makes little sense to proceed with Mr. Vakili's deposition, let alone to do so this early in this case. If you nevertheless wish to go forward with the deposition that is likely to waste both Mr. Vakili's time and yours, please let me know and I will make appropriate inquiries about his availability.

The letter merely appears to represent an effort on the part of Defendant to streamline discovery in this matter. The court does not see the blatant inconsistency between the statement about Vakili's knowledge contained in the disclosures and the statement about his knowledge contained in the letter. The disclosure merely states that the witness could testify regarding "verification" of e-mail processes, and the letter states that the witness lacks "detailed or specific knowledge" regarding operation of Defendant's e-mail services. Vakili may be able to verify processes relating to e-mail services without having "detailed or specific knowledge" about Defendant's e-mail systems, services, or associated revenues and costs. Defendant explains that as Chief Administrative Officer, Vakili can provide an overview of the Company, its operations,

and its history in the marketing industry.  He is also well-positioned to know when various subsidiaries of Defendant were active in the e-mail marketing industry and what they were doing; which individuals within Defendant's organization are involved in e-mail marketing and where they are located; when people and subsidiaries with an organization historically were performing similar processes; as well as information about ordinary (paper) bulk mail businesses that have been doing similar processes for decades.[1]

Nor has Defendant denied Plaintiff the opportunity to depose Vakili.  Defendant represents that it has given Plaintiff the choice of three specific dates on which to conduct the deposition. The letter of September 25 also indicates a willingness to supply the witness for deposition.

Plaintiff has shown no bad faith on the part of Defendant such that a sanction is warranted.  Defendant has submitted accurate information to this court and has agreed to produce Vakili for deposition.

Plaintiff requests that the deposition either occur in Florida or that Defendant pay for travel expenses to Nebraska.  Requiring Vakili to travel to and from Florida would unduly interfere with Defendant's corporate management.  Nor will the Court require Defendant to pay travel costs to Nebraska.  "It is well settled that the deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business, especially when, as in this case, the Corporation is the defendant." Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979)

---

[1]The Court specifically takes note that the depth of Vakili's knowledge of Defendant's e-mail systems was not, in and of itself, essential to its adjudication of the motion to dismiss and/or to transfer.  The Court will not restate the substance of that motion herein, but simply notes that it considered the totality of the record before it in reaching its conclusion.

5

(quotation omitted).[2]

Defendant requests that Plaintiff's counsel pay its reasonable fees for time incurred in responding to this motion. 28 U.S.C. § 1927 addresses a counselor's liability for "excess costs, expenses, and attorneys' fees." Specifically, the statute provides that

> [a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Section 1927 allows the Court to "assess attorney's fees against litigants, counsel, and law firms who willfully abuse the judicial process by conduct tantamount to bad faith." Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1544 (11th Cir. 1993) (quoting Avrigan v. Hull, 932 F.2d 1572, 1582 (11th Cir. 1991)). Imposition of § 1927 sanctions requires satisfaction of three elements:

> First, the attorney must engage in "unreasonable and vexatious" conduct. Second, that "unreasonable and vexatious" conduct must be conduct that "multiplies the proceedings." Finally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings, i.e., the sanction may not exceed the "costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Peterson v. BMI Refractories, 124 F.3d 1386, 1396 (11th Cir. 1997) (quoting § 1927). "[T]he provisions of § 1927, being penal in nature, must be strictly construed." Id. at 1395. Plaintiff's counsel's actions in bringing a baseless motion for sanctions have unreasonably and vexatiously

---

[2]Decisions of the Fifth Circuit issued prior to the close of business on September 30, 1981 are binding in the Eleventh Circuit. See Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

6

increased costs of this action to Defendant.  See Chambers, 501 U.S. at 46 (disruptive litigation conduct constitutes bad faith).  The Court rules that Plaintiff's counsel shall pay reasonable fees to Defendant for time incurred in responding to this motion.  It is hereby

ORDERED AND ADJUDGED that the Motion for Sanctions, filed October 10, 2007 **[DE 33]**, is DENIED.  Plaintiff's counsel shall pay Defendant's costs, expenses and attorneys' fees reasonably incurred in responding to this motion pursuant to 28 U.S.C. § 1927.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 13th day of December, 2007.

                                                  S/Kenneth L. Ryskamp  
                                                KENNETH L. RYSKAMP  
                                                UNITED STATES DISTRICT JUDGE