UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80286-Civ-Ryskamp/Hopkins

PERFECT WEB TECHNOLOGIES, INC.,

        Plaintiff,

v.

INFOUSA, INC.,

        Defendant.

_____/

## REPORT AND RECOMMENDATION AS TO DEFENDANT'S MOTIONS FOR ATTORNEY'S FEES AND COSTS (DEs 192, 193)

**THIS MATTER** has come before this Court upon an Order Referring Defendant's

Motions for Attorney's Fees and Costs to the undersigned United States Magistrate Judge for a

Report and Recommendation.  (DE 228, 231).  This Court has before it Defendant's Motions

(DE 192, 193), Plaintiff's Opposition (DE 206, 210, 215, 219, 220, 223), and Defendant's Reply

(DE 209, 226).  The matter is now ripe for review.

## BACKGROUND

This lawsuit stems from Plaintiff's ownership of United States Patent No. 6,631,400 ("the

Patent"), entitled "Method for Managing Bulk E-Mail Distribution."  (DE 1 at ¶ 7).  The Patent

sets forth a process for sending emails targeted to a specific group of recipients, calculating the

number of emails received, and repeating this process until a minimum number of emails are

received.  In the Complaint, Plaintiff alleged that Defendant utilized an emailing process that

unlawfully and willfully infringed upon the Patent.  Plaintiff sought injunctive relief and

damages.

On October 27, 2008, the District Court granted Defendant's motion for summary judgment, finding the Patent to be invalid as obvious, anticipated and containing non-statutory subject matter.  (DE 189).  In its decision, the District Court found that prior art taught all but the final step of Plaintiff's patented process.  (DE 189 at page 6).  With regard to the Patent's final step of repeating the process until a minimum number of emails were received, the Court concluded that such "follows obviously from the prior art.  The idea of repeating or 'trying again' when an initial attempt fails would be obvious to virtually anyone . . . the final step is merely the logical result of common sense application of the maxim, 'try, try again.'"  (DE 189 at pages 7, 11).  The Court further found that the claims in the Patent were anticipated because a similar process had been performed previously by EmailChannel.  (DE 189 at page 12).  Finally, the Court found that the Patent's subject matter was not statutorily patentable.  (DE 189 at page 16-17).  Based on the District Court's finding that the Patent was invalid, it did not address Plaintiff's infringement claim.

With the instant motions, Defendant contends that it is entitled to reimbursement of its attorney's fees and costs because this is an "exceptional case" under 35 U.S.C. § 285.  Defendant claims that Plaintiff should have known its patent was invalid.  Moreover, Defendant asserts that Plaintiff's infringement claim was baseless because Defendant's email delivery system never performed the "repeat if necessary" step of Plaintiff's patent.  (DE 192 at page 6).

Defendant also contends that it is entitled to attorney's fees and costs under 28 U.S.C. § 1927 because Plaintiff engaged in a "pattern and practice of vexatious activity" while prosecuting this lawsuit.  (DE 192).  Specifically, Defendant states that Plaintiff "conceal[ed] the identity of a witness until the very end of the discovery period" and maintained a charge of willful

2

infringement without any proof of Defendant's intent.  According to Defendant, it sought to quickly resolve this litigation on "reasonable terms," but mediation failed because Plaintiff "demanded an outlandish amount of money for a license to its patent."  (DE 192 at page 2). Defendant states that throughout the litigation it advised Plaintiff that its patent was invalid because it was obvious, anticipated by EmailChannel[1] and contained unpatentable subject matter.

      Plaintiff responds that Defendant is not entitled to attorney's fees because such fees are only appropriate in cases where there is: (1) evidence of a patentee's inequitable or fraudulent conduct before the PTO in obtaining the patent or (2) "demonstrated awareness of incontrovertible invalidity or non-infringement," neither of which is present here.  (DE 220). Plaintiff contends that patentees are entitled to vigorously enforce their patents, which are presumptively valid, and that an ultimate finding of invalidity is not sufficient to establish an "exceptional" case.  *Id.*  Plaintiff further argues that it was not required to abandon its lawsuit in the face of "uncorroborated" declarations from "hostile witnesses" who alleged that EmailChannel had engaged in prior use of its emailing process.  *Id.* at page 10.

      Plaintiff states that it was confident in its patent's validity because it was prosecuted in a "highly professional manner" by the Akerman Senterfitt law firm, which hired a patent search company to search for prior art before filing the application with the PTO.  (DE 220 at page 6). *See also* Declaration of Steven M. Greenberg, Esq.  (DE 210).  Plaintiff notes that not only was the patent search company unable to find any prior art that disclosed the invention, but "[t]he Patent Office [also] found nothing that anticipated the claims or rendered them obvious, and it

---

[1]  Defendant states that on March 21, 2008, it provided Plaintiff with declarations from two witnesses stating that EmailChannel had been using Plaintiff's process prior to its application being filed with the PTO.  (DE 192 at n.10).

raised no question about the patentability of the subject matter."  *Id.*

With regard to its purportedly "baseless" infringement claim, Plaintiff contends that it engaged in a "substantial pre-filing investigation" to "ensure the viability of [its] infringement claims," which included interviews of Defendant's email marketing executives and a review of Defendant's website regarding its email marketing platforms.  (DE 220 at page 11).  *See also* Declaration of John C. Carey, Esq.  (DE 215).  Additionally, Plaintiff asserts that it had a proper basis to allege willfulness because it twice notified Defendant of its infringement, but both notices were ignored.  (DE 220 at pages 15-16).  Finally, Plaintiff states that it did not improperly withhold disclosure of a witness because the witness was strictly an impeachment witness to be used solely on rebuttal.  (DE 220 at page 14).

With regard to the fees sought, Plaintiff argues that the case law does not support such an award and that, in any event, Defendant fails to specify which costs are purportedly attributable to Plaintiff's allegedly vexatious conduct.  Finally, Plaintiff contends that if any fees were awarded, the amount of fees sought must be reduced in light of defense counsel's block billing and excessive hourly rates.  (DE 220 at pages 18-23).

## DISCUSSION

### 1.  Fee Shifting Statutes

Generally, patent infringement lawsuits are subject to the same rules that govern other federal litigation, in that each party bears its own expenses.  *Merial Ltd. v. Intervet, Inc.*, 437 F. Supp. 2d 1332, 1335 (N.D. Ga. 2006).  However, there are two fee-shifting exceptions wherein one party may be ordered to pay the other party's attorney's fees.  *Id.*

The first is under 35 U.S.C. § 285, which states that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  35 U.S.C. § 285. The purpose of this statute is to "prevent injustice by compensating the prevailing party for its monetary outlays in prosecution or defense of a suit where the conduct of the losing party is *clearly inequitable*." *Multi-Tech, Inc. v. Components, Inc.*, 708 F.Supp. 615, 620 (D. Del. 1989)(*citing Rohm & Haas Co. v. Crystal Chemical Co.*, 736 F.2d 688, 692 (Fed. Cir. 1984)(*emphasis added*)).

The second fee-shifting exception is 28 U.S.C. § 1927.  This section applies to all civil cases, not just patent cases, and may be imposed upon any attorney who "unreasonably and vexatiously multiplies the proceedings."  *Merial Ltd.*, 437 F. Supp. 2d at 1334.  "[T]he statute was designed to sanction attorneys who 'willfully abuse the judicial process by conduct tantamount to bad faith.' " *Id.* at 1335 (*quoting Schwartz v. Millon Air, Inc.,* 341 F.3d 1220, 1225 (11th Cir. 2003)).  "A determination of bad faith is warranted where an attorney knowingly and recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims."  *Id.*

### A.  Attorney's Fees under 35 U.S.C. §285

In deciding whether to award a prevailing party its attorney's fees under 35 U.S.C. § 285, courts must conduct a two-part analysis.[2]  First, the court must determine whether the prevailing party has proven "an exceptional case by clear and convincing evidence."  *Perricone v. Medicis Pharmaceutical Corp.*, 432 F.3d 1368, 1380 (Fed. Cir. 2005).  *See also Stephens v. Tech Intern.,*

---

[2]  The parties to this action do not dispute that based on the District Court's finding of the Patent's invalidity, Defendant is the prevailing party.

*Inc.*, 393 F.3d 1269, 1276 (Fed. Cir. 2004)("an exceptional case finding is not to be based on speculation or conjecture but upon clear and convincing evidence").  Second, the court must determine whether an award of attorney's fees is appropriate.  *Perricone*, 432 F.3d at 1380.

The term "exceptional" is not defined by the statute, but the Federal Circuit has stated that "exceptional circumstances include, *inter alia*, inequitable conduct during prosecution of a patent, misconduct during litigation, vexatious or unjustified litigation, or a frivolous suit." *Bayer Aktiengesellschaft v. Duphar International Research*, 738 F.2d 1237, 1242 (Fed. Cir. 1984).  *See also Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1553-54 (Fed. Cir. 1989).  "In the case of awards to prevailing accused infringers . . . 'exceptional cases' are normally those of bad faith litigation or those involving fraud or inequitable conduct by the patentee in procuring the patent."  *McNeil-PPC, Inc. v. L. Perrigo Co.*, 337 F.3d 1362, 1371-72 (Fed. Cir. 2003)(*citation omitted*).

"A frivolous infringement suit is one which the patentee knew or, on reasonable investigation, should have known was baseless."  *Haynes Int'l Inc. v. Jessop Steel Co.*, 8 F.3d 1573, 1579 (Fed. Cir. 1993).  In considering a claim of frivolity, courts examine whether the suit was baseless when it was filed and also whether, at some point during the litigation, the patentee should have realized that continuing the lawsuit would be unjustified.  *See Phonometrics, Inc. v. Choice Hotels Int'l, Inc.,* 186 F. Supp. 2d 1231, 1232-33 (S.D. Fla. 2002)(the filing and maintenance of a suit the patentee should know to be baseless can result in an award of attorney's fees under §285).

Demonstrating that a patent holder initiated a frivolous lawsuit because it should have known that its patent would be deemed invalid is difficult.  Indeed, there is a "strong

presumption of validity for issued patents." *Sentex Systems, Inc. v. Elite Access Systems, Inc.,*250 F.3d 756 (Fed. Cir. 2000). Moreover, the law is well settled that "[a] patent owner has the 'right to exclude others from making, using, and selling the invention and to enforce those rights until its patents are held invalid or expire.'" *McNeil-PPC, Inc.*, 337 F.3d at 1372 (*quoting Concrete Unlimited Inc. v. Cementcraft, Inc.*, 776 F.2d 1537, 1539 (Fed. Cir. 1985)).

In *McNeil-PPC, Inc.*, 337 F.3d 1362, the Federal Circuit reversed the district court's finding of an exceptional case, noting that without clear and convincing evidence of inequitable conduct or misconduct during litigation, it has never "held any party liable for attorney fees for either vigorously prosecuting its patent application or enforcing a presumptively valid patent, even where that patent was later invalidated . . ." *Id.* at 1372. Therefore, the Court concluded that in light of the patent's presumed validity, and the absence of bad faith by the patent holder, there was no basis for deeming the infringement action "exceptional." *McNeil-PPC, Inc.*, 337 F.3d at 1372. The Court cautioned that an ultimate finding of invalidity "cannot be used to bootstrap the argument that they were asserted in bad faith . . ." *Id.* at 1373. Simply stated, once the PTO has issued a patent, "[t]here is a presumption that the assertion of infringement of a duly granted patent is made in good faith." *Brooks Furniture Mfg., Inc. v. Dutailier Int'l Inc.*, 393 F.3d 1378, 1382 (Fed. Cir. 2005).

Since "[m]erely prevailing is not enough to show that a case is exceptional; there must be evidence of bad faith, fraud, gross negligence or unclean hands on the part of the losing party." *Ardisam, Inc. v. Ameristep, Inc.*, 2005 WL 2902492, *1 (W.D. Wis. Nov. 3, 2005). *See also Sentex Systems, Inc. v. Elite Access Systems, Inc.,*250 F.3d 756 (Fed. Cir. 2000)(evidence of "bad faith or gross negligence in filing and prosecuting the infringement action is not established

simply because [patentee] lost on the merits"); *Brooks Furniture Mfg., Inc.*, 393 F.3d at 1384

("[i]nfringement is often difficult to determine, and a patentee's ultimately incorrect view of how

a court will find does not of itself establish bad faith"). Indeed, the alleged infringer "must

demonstrate that there is evidence of actual wrongful intent or of gross negligence" on the part of

the patentee in bringing or maintaining the action. *Multi-Tech, Inc. v. Components, Inc.*, 708

F.Supp. 615, 620 (D. Del. 1989).

Most importantly, in considering awarding attorney's fees under 35 U.S.C. § 285, courts

must remain mindful that such awards are "neither usual nor customary" and "never follow[] as a

matter of course from the outcome of the case." *Ardusam, Inc.*, 2005 WL 2902492 at *1. *See

also Visto Corp. v. Sproqit Technologies, Inc.*, 2007 WL 160942, *2 (N.D. Cal. Jan. 17,

2007)(court noted that "use of the term 'exceptional' in § 285 is not to be taken lightly");

*Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 372 F. Supp. 2d 833, 851

(E.D. Va. 2005)("Congress in choosing to limit district court authority to award attorney's fees to

'exceptional' cases has made clear that this should occur only in rare or extraordinary cases.").

The Federal Circuit has "cautioned that 'it is not contemplated that the recovery of attorney's fees

will become an ordinary thing in patent suits.'" *International Automated Systems, Inc. v. IBM*,

2009 WL 87610, *16 (D. Utah Jan. 12, 2009)(*quoting Forest Labs., Inc. v. Abbott Labs.,* 339

F.3d 1324, 1329 (Fed. Cir. 2003)(§285 must be "limited to circumstances in which it is necessary

to prevent a gross injustice to the accused infringer")). Thus, "[a]ttorney fees are not to be

routinely assessed against a losing party in litigation in order to avoid penalizing a party for

merely defending or prosecuting a lawsuit." *McNeil-PPC, Inc. v. L. Perrigo Co.*, 337 F.3d 1362,

1372 (Fed. Cir. 2003)(*internal quotations and citation omitted*).

8

With this background in mind, the Court considers the high threshold Defendant must surpass to prevail on its motion for attorney's fees under §285.  In this regard, the pertinent inquiry is whether Plaintiff knew or should have known that it could not successfully assert its patent against Defendant, but pursued its infringement claim anyway.

At the outset, the Court rejects Defendant's assertion that Plaintiff knew or should have known that its patent was invalid.  Given the investigation that was conducted on Plaintiff's behalf before the patent application was filed with the PTO, the PTO's decision to grant the patent, and the legal presumption that an issued patent is valid, the Court finds no basis to conclude that Plaintiff's decision to enforce its patent was made in bad faith.  *See Concrete Unlimited Inc. v. Cementcraft, Inc.*, 776 F.2d 1537, 1539 (Fed. Cir. 1985)(patentee has the "right to exclude others from making, using, and selling the invention and to enforce those rights until its patents are held invalid or expire").  *See also Sentex Systems, Inc. v. Elite Access Systems, Inc.,*250 F.3d 756 (Fed. Cir. 2000)(there is a "strong presumption of validity for issued patents"); *Hycor Corp. v. Schlueter Co.*, 740 F.2d 1529, 1541 (Fed. Cir. 1984)(Court reversed award of attorney's fees under §285 because there was no evidence that patentee knew his patent was invalid).

Moreover, the Court finds that Plaintiff's investigation prior to filing this action was likewise sufficiently thorough and produced adequate evidence of Defendant's possible infringement for Plaintiff to initiate this lawsuit.  In any event, even if Plaintiff  had conducted a less than thorough pre-filing investigation, such a failure "without more, is not grounds for finding a case to be 'exceptional' under 35 U.S.C. § 285."  *Ultra-Temp Corp. v. Advanced Vacuum Systems, Inc.*, 189 F.R.D. 17, 21-25 (D. Mass. 1999)(despite court's finding that plaintiff

9

"undertook little, if any, investigation prior to filing its infringement complaint" and that such

was "more than simply negligent," court declined to find that the complaint was so lacking in

merit as to be deemed frivolous and declined to award fees under § 285). *See also MEMC*

*Electronic Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1381 (Fed. Cir.

2005)(even though patentee's pre-filing investigation was "not ideal," court found it "did not rise

to the level of sanctionable conduct under Section 285"); *Ardusam, Inc.*, 2005 WL 2902492 at

*1 (although court found that plaintiffs' pre-filing investigation "left much to be desired," court

concluded it was not so egregious to constitute an "exceptional case" and denied the motion for

attorney's fees).

     Here, there is no evidence to suggest an inadequate pre-filing investigation.  Rather,

Plaintiff states that before initiating this lawsuit, it reasonably relied upon the advice of counsel.

(DE 254 at page 13).  Specifically, Plaintiff's attorney compared the Patent with the process used

by Defendant and concluded there was infringement.  *See* Declaration of John C. Carey, Esq. at ¶

4-6)(DE 215).[3]  The Court finds such reliance to be reasonable.  *See Brooks Furniture Mfg., Inc.*,

393 F.3d at 1383 (court found attorney's fees under 35 U.S.C. § 285 to be inappropriate given

that patentee had relied on counsel and design experts' opinion that accused product constituted

infringement); *Andrew Corp. v. Gabriel Electronics, Inc.,* 785 F.Supp. 1041, 1055 (D. Me.

1992)(court declined to award §285 fees where losing party relied in good faith "on what seemed

-----

     [3]  Attorney Carey avers that he "studied the '400 Patent and its prosecution history, including the prior art cited during prosecution, and interviewed the inventor.  Additionally, I obtained and reviewed documentation from [Plaintiff] regarding conversations its employees had with [Defendant's] employees regarding the capabilities and operations of [Defendant's] email marketing systems . . . I also reviewed claim charts analyzing infringement issues that would be relevant to this case . . . which reasonably indicated that [Defendant] and its subsidiary YesMail infringed both independent claims of the '400 Patent."  *See* Carey Dec. at ¶ 5-6.

10

like competent, soundly based advice").  Although Defendant asserts that its emailing system did

not contain a "repeat if necessary" step to achieve the minimum number of successful emails,

this argument is undermined by evidence that Defendant's employees advised Plaintiff that their

software would "continue to send email to the selected target until the prescribed minimum is

met."  *See* Carey Dec., Exhibit A (DE 215).  Based on these facts, the Court finds no evidence of

bad faith in Plaintiff's decision to file a lawsuit alleging Defendant's infringement.

Similarly, Plaintiff had a legitimate basis for alleging that Defendant's purported

infringement was willful.  Indeed, in a letter dated March 2, 2007, Attorney John Carey advised

Defendant of its infringement of Plaintiff's patent and Plaintiff's intent to pursue legal remedies

if a licensing agreement could not be reached.  *See* Carey Dec., Exhibit E.  In a responsive letter

dated March 29, 2007, Defendant advised Plaintiff that it was not interested in a licensing

agreement.  *See* Carey Dec., Exhibit F.  Given Defendant's complete disregard of Plaintiff's

infringement accusation, Plaintiff was entitled to assert that the purported infringement was

willful.[4]  *See Peer Intern. Corp. v. Max Music & Entertainment, Inc.*, 2004 WL 1542253, *3

(S.D.N.Y. July 9, 2004)(finding of willful infringement warranted where defendant disregarded

notice of copyright and continued to infringe);  *Brown & Williamson Tobacco Corp. v. Philip

Morris Inc.*, 1999 WL 33756683, *46 (W.D. Ky. April 1, 1999)(patent holder entitled to

increased damages "if an infringer, having notice of a patent, acts willfully in disregard of the

patentee's rights").

The Court further finds Defendant's claim that Plaintiff engaged in a "pattern and practice

---

[4]  Based on the Court's finding that Carey's March 2, 2007 letter put Defendant on sufficient notice of the Patent, the Court need not decide whether Plaintiff's 2005 letter also constituted notice.

11

of vexatious activity" while prosecuting this lawsuit to be similarly without merit.  (DE 192).

Plaintiff's purported concealment of a witness until the end of the discovery period was not

improper since his testimony would be used for impeachment only.  *See* Fed. R. Civ. P.

26(a)(1)(A)(i)(requiring the disclosure of "the name . . . of each individual likely to have

discoverable information . . . unless the use [of the witness] would be solely for impeachment").

In any event, even if the disclosure was untimely, the Court finds there to be insufficient

evidence of a pattern of vexatious activity, such as to warrant the sanctions sought here.  *Cf.*

*Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1552 (Fed. Cir.

1989)(Appellate Court upheld district court's finding of exceptional circumstances where there

was evidence of a "*strategy* of vexatious activity" as opposed to single "tenuous"

instance)(*emphasis in original*).

Finally, the Court notes that nothing in the District Court's summary judgment decision

indicates that it found Plaintiff's pursuit of its infringement claim or overall litigation conduct to

be in bad faith.[5]  Therefore, based on the foregoing, the Court finds that Defendant has not met

its burden of demonstrating that this qualifies as an "exceptional" case.  *See, e.g., McNeil-PPC,*

*Inc.*, 337 F.3d at 1372 ("district court did not find that [patentee's] conduct during litigation was

egregious or that its patent prosecution rose to the level of inequitable conduct, and we find no

other basis for finding this to be an 'exceptional' case").  *See also Revlon, Inc. v. Carson*

*Products Co.*, 803 F.2d 676 (Fed. Cir. 1986)(although patents were found invalid as obvious and

_____

[5]  Defendant relies heavily on attorney's fees the District Court imposed on Plaintiff for
bringing an "unwarranted" motion for sanctions against Defendant for alleged misrepresentations
in Defendant's motion to dismiss (DE 67) as proof of Plaintiff's ongoing vexatious conduct.
However, one documented instance of an unprevailing position over the course of a lawsuit does
not amount to an exceptional case warranting §285 fees.

anticipated, Appellate Court found no basis for district court's "exceptional" determination and reversed award of attorney's fees under §285); *National Business Systems, Inc. v. AM Intern., Inc.*, 743 F.2d 1227, 1239 (7th Cir. 1984)(affirming district court's decision not to award attorney's fees under § 285 even though patent was invalid for obviousness).

## B. Attorney's Fees under 28 U.S.C. §1927

Defendant also seeks to hold Plaintiff's counsel liable for sanctions under 28 U.S.C. §1927.

Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case as to increase costs unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Sanctions under § 1927 are intended to deter an attorney from intentionally and unnecessarily delaying judicial proceedings, and they are limited to the costs that result from such delay." *USA Video Technology Corp. v. Movielink, LLC*, 2005 WL 3418407, *3 (D. Del. Dec. 13, 2005)(*citing LaSalle Nat'l Bank v. First Conn. Holding Group, L.L.C.*, 287 F.3d 279, 288 (3d Cir. 2002)). Section 1927 sanctions are appropriate "only in instances of a serious and studied disregard for the orderly process of justice." *Id. See also Baker Indus. Inc. v. Cerberus, Ltd.*, 764 F.2d 204, 208 (3d Cir. 1985)(conduct must be of an "egregious nature, stamped by bad faith that is violative of recognized standards in the conduct of litigation"). The Eleventh Circuit has held that given the penal nature of § 1927, it is to be strictly construed. *See Peterson v. BMI Refractories*, 124 F.3d 1386, 1395 (11th Cir. 1997).

Here, given the Court's conclusion that Defendant has not established Plaintiff's bad faith

13

or vexatious litigation practices so as to support an award under §285, the Court also concludes that sanctions under §1927 are similarly unwarranted.  *See USA Video Technology Corp. v. Movielink, LLC*, 2005 WL 3418407, *5 (D. Del. Dec. 13, 2005)("the failure of proof as to the §285 claim means that an award under §1927 is also not justified").


### 2.  Bill of Costs

Relying on Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920, Defendant moves for an award of costs incurred in defending this action, in a total amount of $40,081.88.  (DE 193).  A review of Defendant's Bill of Costs shows that it seeks the following costs: (a) costs for court reporter and transcript fees; (b) costs for exemplification and copies of papers; (c) process server fees and (d) witness fees.  (DE 193).  In its response to the motion, Plaintiff states that it only objects to certain transcript costs and does not object to Defendant's costs sought for service of process, witness fees or copying.  (DE 206 at n.1).  Plaintiff claims that only $22,446.03 of Defendant's costs are properly taxable.

Under the Federal Rules, prevailing parties are entitled to recover costs as a matter of course unless otherwise directed by the court or statute.  *See* Fed. R. Civ. P. 54(d)(1) (2007).  Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party.  *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991).  However, such presumption is not without limits, and courts may only tax costs as authorized by statute.  *See EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000)(*citing Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

"Section 1920 enumerates expenses that a federal court may tax as a cost under the

discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482

U.S. 437, 441-442 (1987).  This section provides in part,

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Where a party challenges the costs requested, the burden lies with the challenging party.

*See EEOC v. W & O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000).  *See also Ferguson v. Bombardier*

*Srvcs. Corp.*, 2007 WL 601921, *3 (M.D. Fla. Feb. 21, 2007)(observing that the burden lies with

the losing party, unless knowledge of the requested cost is within the exclusive knowledge of the

requesting party) (*citing Desisto College, Inc. v. Howey-in-the-Hills*, 718 F. Supp. 906, 910 n. 1

(M.D. Fla. 1989)).

Here, Defendant seeks to recover a total of $39,087.58 in costs for court reporter and

transcript fees.  Of this amount, $562.30 is for transcript costs associated with the Markman

Hearing held on April 25, 2008 and the summary judgment hearing held on July 18, 2008.

Plaintiff does not object to these costs and the Court finds them taxable under §1920(2).  *See*

*Responsible Me, Inc. v. Evenflo Co., Inc.*, 2009 WL 528247, *7 (S.D. Fla. March 2, 2009)(Court

awarded reimbursement of Markman hearing transcript).  *See also Chore-Time Equipment, Inc.*

*v. Cumberland Corp.*, 713 F.2d 774, 781-82 (Fed. Cir. 1983) (under § 1920(2) costs of

transcripts of pre-trial and post-trial hearings are recoverable).

The remaining $35,525.28 for which Defendant seeks reimbursement are costs stemming from sixteen depositions that Defendant claims were "both reasonable and necessary" because the witnesses were named on Plaintiff's witness list and/or were relied upon by Defendant in its motion for summary judgment.  (DE 194 at pages 3-4).  The depositions of seven of these sixteen witnesses were both videotaped and recorded stenographically.  Defendant seeks reimbursement for both recordings, claiming that Plaintiff did not object to the dual means of recording when the depositions were noticed or conducted.  (DE 194 at n. 4).  Defendant also seeks reimbursement for several expedited transcripts, as well as mini-transcripts and disc copies of these depositions, claiming that these items are allowable because of the recent revision to §1920(2), which now includes recovery for "printed or electronically recorded transcripts."

In response to Defendant's motion, Plaintiff does not dispute the necessity of the depositions themselves, but objects to any reimbursement for costs associated with the videotaping because the videos are duplicative of the transcripts and Defendant has given no reason for needing both.  Plaintiff also objects to costs associated with the expediting, condensing and preparation of electronic "rough drafts" of the transcripts, claiming that such are merely for the convenience of counsel.

"The Eleventh Circuit has held that 'when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation . . . it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed.'"  *Suppa v. Costa Crociere, S.p.A.*, 2008 WL 4629078, *2 (S.D. Fla. Oct. 17, 2008)(*quoting Morrison v. Reichhold*

16

*Chems.*, 97 F.3d 460, 465 (11th Cir. 1996)).  However, the party seeking reimbursement must still demonstrate that the transcripts were necessarily obtained for use in the case and where reimbursement for both methods of recording is sought, the prevailing party bears the burden of proving that both methods were necessary.  *See Utopia Provider Systems, Inc. v. Pro-Med Clinical Systems, L.L.C.*, 2009 WL 1210998, *3 (S.D. Fla. May 1, 2009)(duplicative video deposition costs were denied where prevailing party failed to explain why it was necessary to obtain both a videotaped and transcribed copy of depositions); *Ferguson v. Bombardier Services Corp.*, 2007 WL 601921, *3-4 (M.D. Fla. Feb. 21, 2007)(same).

Here, Defendant has met its burden of demonstrating that these depositions were necessary, but it has not explained why both stenographically transcribed *and* videotaped copies of the depositions were necessary.[6]  Accordingly, the Court will deny the costs for the videotaped depositions.

Similarly, the Court finds that the prevailing party must demonstrate the necessity for condensed and electronic drafts of transcripts, otherwise the Court will find that such are merely for the convenience of counsel and thus, not taxable.  *See American Cas. Co. of Reading, Pennsylvania v. Health Care Indem., Inc.*, 2009 WL 1456429, *2 (M.D. Fla. May 22, 2009)(applying revised language of §1920(2) and denying reimbursement for mini-transcripts, ASCII disks, and postage and delivery charges of the court reporter).

_____

[6] Defendant merely asserts in its reply papers that four of the videotaped witnesses were "critical" and that the tapes provided the "best mechanism" to present any inconsistent statements to the jury.  (DE 209 at n.3).  While videotaped testimony might be the "best" way to impeach a witness, such does not satisfy the statutory requirement that both the transcript and videotape were necessary.  Similarly, Defendant's claim that two of the videotaped witnesses were not available for trial does not explain the need for both methods of recording.

17

Here, Defendant states that expedited and electronic "rough copies" of deposition transcripts were necessary because a number of the depositions occurred during the last two weeks of the discovery period and Defendant needed to use the testimony in its motion for summary judgment.  With the exception of Dr. Krishnamurthy and Lawrence Steffann, Defendant has not demonstrated that the other last minute depositions could not have been conducted earlier.  Given that the parties had seven months to conduct discovery from when the District Court issued its scheduling order, there was adequate time for the depositions to be conducted in a non-expedited manner.  *See Davis v. Sailormen, Inc.*, 2007 WL 1752465, *4 (M.D. Fla. June 15, 2007)(court declined to award expedited rate where parties had nearly ten months to conduct discovery and court found "no indication . . . that discovery was delayed by circumstances beyond the control" of defendant)(*citing Nat'l Bancard Corp. v. VISA, U.S.A., Inc.*, 112 F.R.D. 62, 64 (S.D. Fla. 1986) (holding that "the expedited nature of the transcript was for the convenience of counsel and therefore the additional expense is not taxable.")).

Accordingly, the expedited rate and electronic drafts for the remaining depositions should be denied and the Court should reduce the stenographer's transcription service to $4.02 per page, which has been established as the maximum per page rate for a regular transcript.  *See* Clerk's Office Fee Schedule for the Southern District of Florida at http://www.flsd.uscourts.gov.  *See also Correa v. Illinois Dept. of Corrections*, 2008 WL 299078, *2 (N.D. Ill. Jan. 29, 2008)(court used rates established by Judicial Conference to consider reasonableness of deposition transcription costs).

Finally, although recovery of the stenographer's attendance fee should be permitted (*see Whittier v. City of Sunrise*, 2008 WL 5765868, *5 (S.D. Fla. Dec. 3, 2008)(court allowed

18

reimbursement of transcript and stenographer's attendance fee)), with regard to the additional charges associated with the deposition transcripts, most courts have found that the costs for shipping and exhibit scanning are not taxable as costs. *See Suarez v. Tremont Towing, Inc.*, 2008 WL 2955123, *3 (S.D. Fla. Aug. 1, 2008)(court did not allow reimbursement for delivery charges or charges for exhibits, finding such were not taxable costs); *Feinschreiber v. United States,* 2002 WL 31084156, *2 (S.D. Fla. Aug, 12, 2002)(*citing Price v. United Technologies Corp.*, 2001 WL 36085163 (S.D. Fla., Nov. 16, 2000).

## REPORT AND RECOMMENDATION TO THE DISTRICT COURT

In light of the foregoing, this Court **RECOMMENDS** that the District Court:

(1)  **DENY** Defendant's Motion for Attorneys Fees under 35 U.S.C. § 285 and 28 U.S.C. §1927 (DE 192) and

(2) **GRANT IN PART AND DENY IN PART** Defendant's Motion for Costs under Fed. R. Civ. P. 54 and 28 U.S.C. § 1920 (DE 193) and award Defendant costs as follows:

| | | |
|---|---|---|
| 1) Hearing Transcripts | $ | 562.30 |
| 2) Deposition Transcripts | | 20,390.85 |
| 3) Service of Process Costs | | 90.00 |
| 4) Witness Fees | | 55.00 |
| 5) Copies | | 849.30 |
| **TOTAL** | | **$ 21,947.45** |

## <u>NOTICE OF RIGHT TO OBJECT</u>

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Kenneth L. Ryskamp, United States District Court Judge for the Southern District of Florida, within ten (10) days of being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982), *cert. denied*, 460 U.S. 1087 (1983).  Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein.  *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED**  this 9 day of July, 2009 at West Palm Beach in the Southern District of Florida.

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:  The Hon. Kenneth L. Ryskamp, United States District Court Judge for the Southern District of Florida
Counsel of Record

20